LeSUEUR, Judge.
Plaintiff alleges that on December 30, 1966, Select Banana, Inc. purchased a truck from Crescent Ford Truck Sales, Inc. for use in its banana business. The 1966 Ford truck possessed by Select Banana, Inc. and operated by one of its employees was extensively damaged in a one-vehicle accident on January 3, 1967. Shortly after-wards, defendant raised questions concerning the ownership of the vehicle, objections which led the alleged vendor, Crescent Ford, to sue in order to enforce its note and chattel mortgage and to secure recovery of the down payment, which had not yet been paid.
Select denied responsibility in its answer and, further, filed a third party demand against its casualty carrier, Maryland Casualty Company. The denial is predicated upon Select’s argument that the sale of the vehicle was not yet perfected at the time of the accident.
The trial court ruled the transaction perfected and awarded judgment in favor of Crescent for the down payment and the mortgage balance, subject to a credit realized from the sale of the vehicle. The trial court also granted judgment, this time in favor of Select, against Maryland Casualty Company, in the amount of $3,184.22 (the established repair cost minus the deductible amount provided by the policy). Select has appealed'all aspects of the judgment; Maryland Casualty has appealed as a protective measure in the event judgment is reversed.
Select argues basically that it took this vehicle only upon the reservation of the rights of view and trial. Pursuant to our Civil Code such a reservation is treated as a suspensive condition (LSA-C.C. Art. 2460) which fixes the risk of destruction with the seller rather than the buyer, even though delivery is made. See LSA-C.C. Art. 2471. As a statement of law, the argument is sound.
Law, however, does not exist in a vacuum. The reservation of view and trial is not an abstraction; it is a factual condition of a contract. Here, the trial judge did not find that the reservation was made. In view of the conflicting evidence on the issue, we see no manifest error in this finding of fact.
This holding applies in equal measure to the pleas of fraud, misrepresentation and redhibition. Here again, the trial judge clearly accepted a view of the facts which does not support these arguments. We see no manifest error in his findings.
Select has also appealed from that part of the judgment which limited its recovery against Maryland to $3,184.22. Select contends that Maryland should have been cast for the entire amount awarded Crescent (a sum in excess of $5,000.00). Maryland’s exposure is measured by the amount of damage to the truck by the terms of its insurance contract.
The only evidence produced to establish the amount of damage was an expert’s estimate in the amount of $3,284.22. This, minus the deductible of $100.00, was the only available measure of damage. Select proved no further loss.
For the above reasons, the judgment of the trial court is affirmed. All costs on appeal are to be borne by defendant-appellant.
Affirmed.